UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINA ANETTE MURRAY, et al., )
)
    Plaintiffs, )
)
    v. ) No. 4:06-CV-920-SNL
)
SOCIAL SERVICES, et al., )
)
    Defendants. )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the motion of Regina Anette Murray for leave to commence this action without payment of the required filing fee [Doc. #1].[1] Upon consideration of the financial information provided with the motion, the Court finds that Regina Anette Murray is financially unable to pay any portion of the filing fee.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] The Court notes that although Larina Patrice Murray, Timothy Murray, and Cleothia Murray are named as plaintiffs in this action, they have not signed the complaint, paid the filing fee, or submitted a motion to proceed in forma pauperis and CJA Form 23. As such, the Court will strike Larina Patrice Murray, Timothy Murray, and Cleothia Murray as party-plaintiffs to this action.

would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff Regina Anette Murray seeks monetary relief in this action brought against defendants Social Services, State Hospital, Christian Hospital, Dr. Dale Anderson, Dr. Seth Tilzer, Judge Lawrence Carnahan, Judge George Draper, and Judge Gary Gartner.  For her "statement of claim," plaintiff alleges, as follows:

> Dr. Anderson called me at Emerson Electric Co. asked me to come to Malcolm Bliss for a visit after I had been checked out by company physician prescribed Aratene for me . . . and other psychiatric drugs which caused me to hallucinate and made me unable to perform my employment obligations.  He threatened me; I was molested; while under his care at Malcolm Bliss.  He initiated a series of a psychiatric false profile for what I believe was a false claim process of insurance benefits; and kept me in the psychiatric ward and mental health system for twenty-seven years even after I tried to return to work.  I had to deliver two breach children alone after threatening phone calls at work and home due to the fact that I didn't have a telephone and walked to get help.  June 10 and March 27, 1996 nurses aid put chlorine in patients water tied me down and tried to inject me in my stomach while pregnant.  I would like to be compensated for my loss of work, years for harassment by the mental health association; the false adoption allegations as an unfit parent, and mental abuse while in their care; when I tried to call for help they cut the phone off; after trying to call state reps, F.B.I. agency, secret service and other law enforcement.

At the outset, the Court notes that plaintiff has failed to state the grounds for filing the instant action in Federal Court. Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. Although the amount in controversy exceeds the statutory requirement, diversity of citizenship is lacking. See 28 U.S.C. § 1332.

Moreover, it appears that the events which form the basis of plaintiff's allegations occurred on or before March 1996. The Court takes judicial notice of the fact that the Malcolm Bliss Psychiatric Center has been closed for well over five years, and therefore, even if the Court were to construe plaintiff's claims under 42 U.S.C. § 1983, they would be barred by the statute of limitations. See Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).[2]

In addition to the "statement of claim," plaintiff has attached two typewritten pages to the complaint, wherein she makes general assertions such as, "There is discrimination against the disabled and the mentally challenged due to finances," and "During a hospital stay, nurses and doctors forced hallucinogenic drugs on me, which was involuntary on my part. I was involuntarily hospitalized, and while there, I was raped by male employees (once)."

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983

---

[2]To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2000).

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the violation of her constitutional rights. Accordingly, plaintiff's claims are legally frivolous.

Last, to the extent that plaintiff is attempting to raise pendant state claims, said claims are dismissed without prejudice. Where federal claims in an action have been dismissed, district courts may decline jurisdiction over state claims as a "matter of discretion." 28 U.S.C. § 1367(c)(3); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff Regina Anette Murray's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's pendant state claims are **DISMISSED**, without prejudice.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 1st day of September, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**